FILED
NOV - 7 2007
NOV 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINING PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> BRAND XPERIENCE LLC d/b/a MORRISON COMMUNICATION CO., <br><br> Defendant. | CIVIL ACTION <br><br> **07CV6313** <br> **JUDGE COAR** <br> **MAG. JUDGE BROWN** |

## COMPLAINT

Plaintiffs, Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al, by their attorney, Karl E. Masters complain of the Defendant, BRAND XPERIENCE LLC d/b/a MORRISON COMMUNICATION COMPANY, as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §185(a). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO AND REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous

employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefits to the Trust Funds as therein required.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit contribution reports to the Trust Funds for the period June 2007 through the present which indicate the hours worked by its carpenter employees.

7. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to pay fringe benefit contributions in the amount of $328.46 owed for the months of March through May 2007.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a. double interest on the unpaid contributions; or
    b. interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

WHEREFORE, Plaintiffs pray:

    A. That the Defendant be required to submit fringe benefit reports and contributions for the months of June 2007 through the present.

    B. That the Plaintiff be allowed to submit an estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.

    C. That the Defendant be ordered to pay $328.26 representing contributions for the period March through May 2007.

    D. That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

    E. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

    F. That the Defendant be ordered to pay interest or liquidated damages on the amount due pursuant to 29 U.S.C. §1132 (g)(2)(C).

    G. That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

H. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: _____
KARL E. MASTERS

Karl E. Masters
Whitfield, McGann & Ketterman
Attorneys for Plaintiffs
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: 312/251-9700
Atty. No. 6277980